UNITED STATES of America,
Plaintiff-Appellee,

v.

Louis James ROMERO, Defendant-Appellant.

No. 16-30007

United States Court of Appeals,
Ninth Circuit.

Submitted January 18, 2017 *

Filed January 25, 2017

Jessica Anne Betley, Assistant U.S. Attorney, USGF—Office of the U.S. Attorney, Great Falls, MT, Leif Johnson, Assistant U.S. Attorney, Office of the US Attorney, Billings, MT, for Plaintiff-Appellee

Louis James Romero, Pro Se

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Louis James Romero appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Romero contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2). *See United States v. Wesson,* 583 F.3d 728, 730 (9th Cir. 2009). Because Romero was sentenced as a career offender under U.S.S.G. § 4B1.1, the district court correctly determined that he is not eligible for a sentence reduction. *See id.*

Contrary to Romero's argument, the district court adequately explained its determination and it had no cause to consider the 18 U.S.C. § 3553(a) sentencing factors. *See Dillon v. United States,* 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (only if defendant is eligible for a sentence reduction does the district court proceed to the step of considering the section 3553(a) sentencing factors). Romero's arguments that he should not have been sentenced as a career offender and that the district court violated double jeopardy when it enhanced his sentence based on a prior conviction are not cognizable in section 3582(c)(2) proceedings. *See Dillon,* 560 U.S. at 831, 130 S.Ct. 2683.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Romero's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.